IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CR-49-FL-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | MEMORANDUM OPINION |
| THOMAS ALLEN SCOTLAND, ) | |
| ) | |
| Defendant. ) | |

This matter came before the court for resentencing on October 25, 2022. The court memorializes herein the court's reasons for overruling an objection raised by defendant to the Presentence Investigation Report ("PSR"), regarding application of the career offender guideline.[1]

## BACKGROUND

Defendant pleaded guilty on January 15, 2019, without a written plea agreement, to conspiracy to distribute and possess with intent to distribute 28 grams or more of cocaine base (crack) and a quantity of cocaine, in violation of 21 U.S.C. § 846 (count one); distribution of a quantity of cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) (count five); and distribution of a quantity of cocaine base (crack) and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846 and 18 U.S.C. § 2 (counts six to eight).

---

[1] The court also overruled additional objections raised by defendant, concerning his base offense level, two-level firearm enhancement, and four-level aggravating role enhancement, with the reasons for overruling those objections provided on the record at sentencing hearing. Those objections also do not impact the advisory guidelines range, in light of the court's ruling on defendant's objection to the career offender enhancement, but the court addressed them at hearing to further inform the court's sentencing decision.

Prior to sentencing, the United States Probation Office (the "probation office") prepared the PSR, which calculated a total offense level of 29 and a criminal history category VI, based upon defendant's status as a career offender, producing a guideline range of 151-188 months. Pertinent here, the probation office determined defendant is a career offender because defendant has two prior felony convictions of a controlled substance offense, namely "possession with intent to sell and deliver cocaine" under North Carolina law. (PSR ¶¶ 29, 34). At the time of the first sentencing in this case, on August 7, 2019, defendant did not object to the career offender designation. The court adopted the PSR and sentenced defendant to 162 months imprisonment.

The United States Court of Appeals for the Fourth Circuit affirmed defendant's conviction, vacated his sentence on the basis of United States v. Rogers, 961 F.3d 291, 295-96 (4th Cir. 2020) and United States v. Singletary, 984 F.3d 341, 345 (4th Cir. 2021) (addressing non-mandatory conditions of supervised release), and remanded for resentencing by mandate entered August 6, 2021.

Following remand, the probation office filed an amended sentencing recommendation on February 16, 2022, with no changes to the guidelines calculations. The court continued resentencing twice on defendant's motion, and then set sentencing for the instant term. Defendant filed objections to the presentence report on October 12, 2022, and a sentencing memorandum on October 18, 2022. The probation office filed a modification to the presentence report which addresses defendant's objections, and the government filed a response in opposition to defendant's objection to the career offender enhancement, as pertinent here.

At sentencing, the court heard additional argument from defendant and the government and then overruled defendant's objection to the career offender enhancement, noting that its reasoning for that ruling would be set forth in the instant memorandum opinion.

## COURT'S DISCUSSION

Defendant argues that his predicate convictions for possession with intent to sell and deliver cocaine (PSR ¶¶ 29, 34) (hereinafter, the "predicate offenses of conviction") no longer count as "controlled substance offenses" for purposes of the career offender enhancement under § 4B1.2, following the Fourth Circuit's recent decision in United States v. Campbell, 22 F.4th 438 (4th Cir. 2022). Defendant contends based on Campbell that his predicate offenses of conviction are not controlled substance offenses, because they include attempt and are thus broader than the definition of a controlled substance offense under the guidelines. The court disagrees.

As pertinent here, a "defendant is a career offender if . . . defendant has at least two prior felony convictions of . . . a controlled substance offense." U.S.S.G. § 4B1.1(a) (emphasis added). "The term 'controlled substance offense' means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b) (emphasis added).

"When addressing whether a prior conviction triggers a Guideline sentencing enhancement, [courts] approach the issue categorically, looking only to the fact of conviction and the statutory definition of the prior offense." United States v. Dozier, 848 F.3d 180, 183 (4th Cir. 2017). This means that "[t]he categorical approach focuses on the elements of the prior offense rather than the conduct underlying the conviction." Id. In doing so, the court must identify "the most innocent conduct" covered by the predicate offense of conviction and whether that conduct satisfies any prong of the "controlled substance offense" definition. United States v. Shell, 789 F.3d 335, 339 (4th Cir. 2015).

3

"Alternatively, the modified categorical approach applies where the prior conviction at issue is for violation of a 'divisible' statute." United States v. Allred, 942 F.3d 641, 648 (4th Cir. 2019). "A divisible statute is one that includes multiple 'alternative elements' that create different versions of the crime, at least one of which would qualify under the [guidelines definition] and at least one of which would not." Id. Where the statute of prior conviction "lists potential elements in the alternative, it renders opaque which element played a part in the defendant's conviction." Id. "Thus, under the modified categorical approach, the sentencing court is permitted to consult a limited set of record documents (such as the indictment, jury instructions, or plea agreement) for the sole purpose of determining "what crime, with what elements, a defendant was convicted of." Id.

"A statute is divisible only if it sets forth alternative elements and in doing so effectively creates distinct crimes." Id. "If, on the other hand, the statute merely lists alternative means of committing a single offense, then it is indivisible and the categorical approach applies." Id. "Elements, as contrasted with means, are the constituent parts of a crime's legal definition that the prosecution must prove to sustain a conviction and which the jury must find beyond a reasonable doubt to convict the defendant." Id.

The North Carolina statute covering defendant's predicate offenses of conviction, N.C. Gen. Stat. § 90-95, makes it unlawful for any person "[t]o manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance." The North Carolina Supreme Court has held "that the language of N.C.G.S. § 90-95(a)(1) creates three offenses: (1) manufacture of a controlled substance, (2) transfer of a controlled substance by sale or delivery, and (3) possession with intent to manufacture, sell or deliver a controlled substance." State v. Moore, 327 N.C. 378, 381 (1990).

In addition, the North Carolina Supreme Court has defined the elements for possession with intent to sell or deliver differently from the elements for sale or delivery of drugs. The former, the predicate convictions in the instant case, require proof "that (1) defendant possessed the [narcotics] and that (2) defendant intended to sell or deliver the narcotics to others." State v. McNeil, 359 N.C. 800, 804 (2005). "Whether the transfer was to be by sale or delivery, or both, is immaterial," for "[a]s long as the jury finds that the possession was with the intent to 'sell or deliver,' the crime is proved." State v. Creason, 313 N.C. 122, 129 (1985). "[T]he crime [is] complete if one possesses the narcotic with intent to transfer it, whether by sale or delivery." Id.

By contrast, for the latter, "[i]llegal possession is not . . . a necessary element of the offense of unlawful sale of a narcotic drug." State v. Cameron, 283 N.C. 191, 201 (1973). "The offense of sale of cocaine has two elements: (1) the sale or delivery of (2) a controlled substance (cocaine)." State v. Neal, 196 N.C. App. 100, 103 (2009). In contrast to possession with intent to deliver, "the crime of transfer of a controlled substance by delivery [can] be complete upon the transfer or attempted transfer from one person to another of a controlled substance, regardless of whether the two persons entered into an exchange of the controlled substance for another item of value, such as money, goods, or services." State v. Carr, 145 N.C. App. 335, 342–43, (2001).

The North Carolina Supreme Court's determination that possession with intent to sell or deliver a controlled substance is a distinct crime from the other offenses means that N.C. Gen. Stat. 90-95(a)(1) is "divisible" under the categorical approach. See Mathis v. United States, 579 U.S. 500, 517-18 (2016) (explaining that if a state supreme court decision holds that a statute defines multiple crimes, then "a sentencing judge need only follow what is says"); cf. United States v. Williams, 997 F.3d 519 , 523 (4th Cir. 2021) (holding that the South Carolina controlled substances offense, "section 44-53-375(B) is a divisible statute subject to the modified categorical approach").

5

This distinction is important because, under North Carolina law, sale of cocaine may be satisfied by an "attempted" sale of cocaine. Carr, 145 N.C. App. at 342. North Carolina defines "deliver" or "delivery" as "the actual[,] constructive or attempted transfer from one person to another of a controlled substance[.]" N.C. Gen. Stat. §90-87(7). Thus, where the guidelines definition of controlled substance offense does not include "attempt," U.S.S.G. § 4B1.2(b), predicate offenses of conviction for sale or delivery of cocaine may be broader than the guidelines controlled substances offense and not a match under the categorical approach. By contrast, predicate offenses of conviction for possession with intent to deliver, as here, are not impacted by the broader definition for delivery, because proof of the offense is complete upon possession, regardless of whether actual or attempted delivery takes place. See Creason, 313 N.C. at 129.

Furthermore, defendant's construction of the statute must present a realistic probability of prosecutable conduct in order to establish the crime is broader than U.S.S.G. 4B1.2(b)'s definition. See United States v. Drummond, 925 F.3d 681, 689 (4th Cir. 2019) ("[T]here must be a realistic probability, not a theoretical possibility, that a state would actually punish that conduct."). A prosecutor would not use the "attempted transfer" definition of delivery to charge possession with intent to sell or deliver because the crime is completed at the time of possession. See Creason, 313 N.C. at 129. Likewise, a prosecutor would not use "attempted possession" to charge the offense of possession with intent to sell or deliver, because the North Carolina Supreme Court has stated that the offense requires proof "that . . . defendant possessed the crack cocaine." McNeil, 359 N.C. at 804; see Creason, 313 N.C. at 129. Defendant has not cited, and the court has not identified, any North Carolina case involving a conviction for attempted possession of cocaine with intent to sell or deliver, under N.C. Gen. Stat. § 90-95(a)(1). Cf. State v. Wagner, 356 N.C. 599, 601 (2002) (vacating "conviction for attempt to possess cocaine"); State v. Gunnings, 122 N.C. App. 294, 295

(1996) (affirming conviction for "attempt to possess cocaine"); see also United States v. Joyce, 693 F.2d 838, 843 (8th Cir. 1982) ("Before [the defendant] could have committed the offense of possessing cocaine with the intent to distribute he had to . . . take actual physical possession of, or exercise dominion and control over, the cocaine.").

Here, it is undisputed that defendant's predicate offenses of conviction are for "possession with intent to sell and deliver cocaine." (PSR ¶¶ 29, 34). Therefore, based on the foregoing principles, defendant's predicate offenses of conviction qualify as controlled substance offenses under the career offender guideline, § 4B1.2.

Campbell, upon which defendant relies, does not require a different result. There, the court held that a West Virginia state predicate offense of delivery of narcotics was not a controlled substance offense for career offender purposes because it included attempted delivery. See 22 F.4th at 444. The court reasoned as follows:

> The West Virginia conviction that served as one of the predicate offenses justifying Campbell's enhanced sentence arises from a statute that makes it "unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver a controlled substance." W. Va. Code § 60A-4-401(a) (emphasis added). The statute further provides that "deliver . . . means the actual, constructive or attempted transfer from one person to another of" controlled substances or imitation or counterfeit controlled substances. W. Va. Code § 60A-1-101(h) (emphasis added). In other words, the least culpable conduct criminalized by the West Virginia statute is an attempt to deliver a controlled substance. W. Va. Code §§ 60A-1-101(h); 60A-4-401(a).

Id. at 441-42. Campbell is distinguishable for two reasons. First, it addressed the West Virginia state statute, and not the North Carolina statute, § 90-95. Second, and most importantly here, Campbell addressed a predicate offense of "a West Virginia conviction for delivery of crack cocaine." Id. at 441 (emphasis added). It did not address a predicate offense of possession with intent to sell or deliver, as is the case here, which has different elements under North Carolina law

7

than sale or delivery of cocaine. McNeil, 359 N.C. at 804; Creason, 313 N.C. at 129; Cameron, 283 N.C. at 201; Neal, 196 N.C. App. at 103.

The Fourth Circuit has not addressed in a published opinion whether the predicate offenses in this case, possession with intent to sell or deliver cocaine, under North Carolina law, are a categorical match with a controlled substance offense under the guidelines § 4B1.2. In an unpublished opinion, the court addressed a North Carolina predicate offense of "sale or delivery of a controlled substance within 300 feet of a school." United States v. Locklear, No. 19-4443, 2022 WL 2764421, at *2 (4th Cir. July 15, 2022). It found "Campbell's reasoning readily applicable to [that] offense," without addressing, as relevant here, that an offense for possession with intent to sell or deliver has different elements. Therefore, Locklear is inapposite in the same manner as Campbell.

Defendant also relies upon United States v. Farmer, No. 5:10-CR-271-FL-3, 2021 WL 2188745, at *8 (E.D.N.C. May 28, 2021) as an example of a case where this court treated the North Carolina offense of sale or delivery of cocaine as equivalent to the offense of possession with intent to sell or deliver cocaine. In Farmer, however, the court concluded that the "defendant's conviction for sell or deliver cocaine categorically qualifies as a controlled substance offense under the Guidelines." Id. The court did not address, as here, a prior conviction for possession with intent to sell or deliver cocaine. In any event, the court did not address the issue of attempt, as raised here and examined in Campbell. Therefore, Farmer is inapposite.

The court recognizes that the issue raised by defendant's objection is a question of first impression in the Fourth Circuit, and reasonable jurists could differ in analysis of the issues raised. See, e.g., United States v. Sprinkle, No. 5:21-CR-00149, 2022 WL 3010534, at *1 (S.D.W. Va. July 29, 2022) (holding that Campbell controls the question of whether the North Carolina offense

of possession with intent to distribute is a categorical match under the guidelines). Nevertheless, based on the weight of the authority set forth herein, the court concludes that defendant properly is treated as a career offender for purposes of the advisory guidelines calculation.

## CONCLUSION

For the foregoing reasons, the court OVERRULED defendant's objection to the PSR's career offender enhancement.

DATED, this the 26th day of October, 2022.

                                                                                      _____
                                                                                      LOUISE W. FLANAGAN
                                                                                      United States District Judge